## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| TK HOLDINGS INC., *et al.*, | : | Case No. 17-11375 (BLS) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| Automotive Coalition for Traffic Safety, Inc., | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | Adv. Pro. No. 18-50274 (BLS) |
| v | : |  |
|  | : |  |
| Joseph J. Farnan, Jr., not individually but solely as Trustee of the Reorganized TK Holdings Trust, and Joyson Safety Systems Acquisition LLC, | : |  |
|  | : |  |
| Defendants. | : | **Related Docket Nos. 1, 12, 13, 20, 21 and 28** |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### INTERVENOR JOYSON SAFETY SYSTEMS ACQUISITION LLC'S
### ANSWER TO THE COMPLAINT

Intervenor Joyson Safety Systems Acquisition LLC ("Joyson") by and through its

attorneys, hereby answers the like-numbered paragraphs of Plaintiff Automotive Coalition for

Traffic Safety, Inc. ("ACTS") Complaint, as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

## NATURE OF THE CASE

1.     The allegations of this paragraph purport to identify the nature of this case. Joyson denies ACTS owns the Patent Assets.

2.     Joyson denies the Patent Assets resulted from a collaboration among ACTS, TK Holdings Inc, and TruTouch Technologies, Inc.  Joyson admits ACTS, TK Holdings Inc, and TruTouch Technologies, Inc. entered into an Agreement with an effective date of September 1, 2011, and an Agreement with an effective date of March 31, 2014.  Joyson denies the allegations of paragraph 2 to the extent they imply other or more.

3.     Joyson denies the first sentence of paragraph 3.  As to the quoted matter in the balance of paragraph 3, Joyson admits it accurately reproduces the textual definition of "Work Product" in the Initial Agreement and the Agreement.

4.     Joyson denies the first sentence and admits the second.

5.     Denied.

6.     Joyson admits that Background IP is not owned by ACTS and denies the remaining allegations of paragraph 6.

7.     As to the first sentence, the allegation is directed to the form of this action, and no responsive pleading is required.  To the extent a responsive pleading may be required, Joyson denies the allegation.  Joyson admits the second sentence, and denies the remaining allegations.

## THE PARTIES

8.     Admitted.

9.     Admitted.

**JURISDICTION AND VENUE**

10.     Declaratory judgment jurisdiction is not contested.

11.     Venue is not contested.

12.     The allegations of this paragraph are directed to the procedural basis for this action, and no responsive pleading is required.  To the extent a responsive pleading is required, Joyson denies the allegations.  Joyson denies ACTS has any entitlement to relief, including any claim of ownership of the Patent Assets.  Joyson consents to the entry of final orders or judgments by the Court.

**STATEMENT OF FACTS**

**A.      The Agreements**

13.     Joyson lacks knowledge or information sufficient to form a belief about the truth of these allegations, and therefore denies the same.

14.     Joyson lacks knowledge or information sufficient to form a belief about the truth of these allegations, and therefore denies the same.

15.     Joyson admits Takata signed the "Subcontract/SubAward Agreement" on September 2, 2011, and denies the remaining allegations.

16.     Joyson admits that Section 13(a)(i) of the March 31, 2014 Agreement states that ACTS owns all worldwide rights, title and interest in and to all Work Product (including all Intellectual Property Rights therein) developed under the March 31, 2014 Agreement.  Joyson denies the remaining allegations of this paragraph.

17.     Joyson admits that Takata provided the PowerPoint of Exhibit I, dated March 10, 2011, and denies the remaining allegations.

18.     Joyson admits the PowerPoint of Exhibit I contained the matter alleged in paragraph 18.

19.     As to the allegation, "Takata [n]ever disclosed to ACTS prior to this presentation, in the Agreement or otherwise, that it was developing, researching, using, or otherwise inventing capacitive based seat presence detection technology in connection with any alcohol detection system," Joyson lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.  As to the remaining allegations, Joyson admits the PowerPoint of Exhibit I contained the other matter alleged in paragraph 18.

20.     Joyson admits that Exhibit J is a Takata PowerPoint dated October 13, 2011, and denies the remaining allegations.

21.     Joyson lacks knowledge or information sufficient to form a belief about what Takata disclosed to ACTS, and therefore denies the allegations of this paragraph.  Joyson denies ACTS owns the Patent Assets.

22.     Admitted that Takata and ACTS terminated the Agreement, and Takata and ACTS had discussions regarding a termination agreement prior to April 10, 2018.  Joyson and ACTS have had discussions regarding the disposition of the Agreement subsequently.

23.     Joyson admits ACTS has requested Takata transfer ownership of the Patent Assets to ACTS.  Joyson denies ACTS owns the Patent Assets.

**B.     The Patent Assets**

24.     Admitted.

25.     Joyson admits the patent filings post-date February 9, 2011, but denies the remaining allegations.

26.     Joyson admits the graphic accurately depicts Figure 2 of the '082 Provisional
Application.  Joyson denies the remaining allegations to the extent they allege anything further.

27.     Joyson admits the quoted text is in paragraph [0009] of the '082 Provisional
Application.  Joyson denies the remaining allegations to the extent they allege anything further.

28.     Denied.  Independent system claims 1 and 10 are reproduced below:

      1. A system for disabling the operation of a vehicle when a driver of a vehicle is
seated in a vehicle seat comprising: an alcohol detection sensor configured to be
contacted by the driver and to generate a detection signal based on contact between the
driver and the detection sensor; a sensing electrode located proximate to the driver; a
sensing circuit configured to provide a sensing signal to the sensing electrode thereby
causing a current in the electrode; wherein the sensing circuit is configured to provide a
signal representative of the current in the electrode; a controller configured to detect a
change in the representative signal resulting from both the presence of the driver and
contact between the driver and the detection sensor; and wherein the controller is
configured to determine whether the blood alcohol content of the driver exceeds a
threshold based on the detection signal and is configured to disable the vehicle when
either the change in the representative signal is not a result of the driver contacting the
detection sensor or the blood alcohol content of the driver exceeds a threshold.

      10. A system for disabling the operation of a vehicle when a driver of a vehicle is
seated in a vehicle seat comprising: an alcohol detection sensor configured to be
contacted by the driver and to generate a detection signal based on contact between the
driver and the detection sensor; a sensing electrode located proximate to the driver; a
sensing circuit configured to provide a sensing signal to the sensing electrode; a
controller configured to detect a change in the detection signal resulting from contact
between the driver and the detection sensor; and wherein the controller is configured to
disable the vehicle when either the blood alcohol concentration of the driver of the
vehicle exceeds a threshold or the controller does not detect the change in the detection
signal resulting from contact of the driver with the detection sensor.

      Joyson admits the graphic accurately depicts Figure 2 of the '864 patent.

29.     Denied.  Claim 1 of PCT '295 is below:

      1. A system for disabling the operation of a vehicle when a driver of a vehicle is
seated in a vehicle seat comprising:

      an alcohol detection sensor configured to be contacted by the driver and to
generate a detection signal based on contact between the driver and the detection sensor;
      a sensing electrode located proximate to the occupant;
      a sensing circuit configured to provide a sensing signal to the sensing electrode
thereby causing a current in the electrode;

wherein the sensing circuit is configured to provide a signal representative of the current in the electrode;

a controller configured to detect a change in the representative signal resulting from both the presence of the driver and contact between the driver and the detection sensor; and

wherein the controller is configured to determine whether the blood alcohol content of the driver exceeds a threshold based on the detection signal and is configured to disable the vehicle when either the change in the representative signal is not a result of the driver contacting the detection sensor or the blood alcohol content of the driver exceeds a threshold.

Joyson admits the graphic accurately depicts Figure 2 of PCT '295.

30.    Admitted; provided, however, European Patent Application No. 12754647.1 issued as European Patent EP2 683 569 on May 2, 2018.

31.    Admitted.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

32.    Joyson repeats and incorporates by reference its responses to the allegations of paragraphs 1-31 as if fully set forth herein.

33.    Joyson admits the Patent Assets are property of the Debtors' estates.  Joyson denies the inventions disclosed in the Patent Assets were developed, discovered, invented, authored, or first used or reduced to practice by Takata, in connection with the Agreement, in the course of performing Services or otherwise for or on behalf of ACTS.  Joyson denies the Patent Assets are owned by ACTS, and denies any remaining allegations.

34.    Joyson does not contest declaratory judgment jurisdiction.

35.    Joyson denies ACTS has any entitlement to declaratory relief.

## SECOND CAUSE OF ACTION
### (Injunctive Relief)

36.    Joyson repeats and incorporates by reference its responses to the allegations of paragraphs 1-31 as if fully set forth herein.

37.    Joyson denies ACTS has any entitlement to injunctive relief.

38.    Joyson denies ACTS has any entitlement to injunctive relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred because Plaintiff failed to preserve its claims through a timely proof of claim.

### Second Affirmative Defense

Plaintiff's claims are barred under the equitable doctrines of waiver, estoppel, and/or laches.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: Wilmington, Delaware
       June 7, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Robert A. Weber*
Robert A. Weber (I.D. No. 4013)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Amy L. Van Gelder
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Facsimile: (312) 407-041

- and -

BROOKS KUSHMAN P.C.
Frank A. Angileri
Robert C.J. Tuttle
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351

*Attorneys for Defendant Joyson Safety Systems*
*Acquisition LLC*

## CERTIFICATE OF SERVICE

I, Robert A. Weber, hereby certify that on June 7, 2018, I caused the foregoing **Intervenor Joyson Safety Systems Acquisition LLC's Answer To The Complaint** to be served on the parties listed on <u>Exhibit A</u>, attached hereto, in the manner indicated thereon.

<u>/s/ *Robert A. Weber*</u>
Robert A. Weber

**EXHIBIT A**

*Counsel for Defendant Joseph Farnan, Jr. in his capacity as Trustee of the Reorganized TK Holdings Trust*

Laura Davis Jones, Esq.
David M. Bertenthal, Esq.
Peter J. Keane, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
**(By Hand Delivery)**

John A. Morris, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024
**(By Overnight Courier)**

*Counsel for Plaintiff Automotive Coalition for Traffic Safety, Inc.*

Richard M. Beck, Jr., Esq.
Klehr Harrison Harvey Branzburg, LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801
**(By Hand Delivery)**

Morton R. Branzburg, Esq.
Klehr Harrison Harvey Branzburg, LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
**(By Overnight Courier)**

Richard G. Ziegler, Esq.
Mayer Brown, LLP
71 S. Wacker Drive
Chicago, IL 60606
**(By Overnight Courier)**

Linda Rhodes, Esq.
Ann Marie Duffy, Esq.
Mayer Brown, LLP
1999 K Street, NW
Washington, DC 20006
**(By Overnight Courier)**