## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TK HOLDINGS INC., *et al,*. | Case No. 17–11375 (BLS) |
| Debtors. [1] | Jointly Administered |
| Automotive Coalition for Traffic Safety, Inc., | Adv. Pro. No. 18-50274 (BLS) |
| Plaintiff, | |
| – v – | |
| Joseph J. Farnan, Jr., not individually but solely as Trustee of the Reorganized TK Holdings Trust, and Joyson Safety Systems Acquisition, LLC, | |
| Defendants. | |

### SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

1.      Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court.

2.      The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall take place no later than July 31, 2018.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

3.      The parties shall provide the initial disclosures under Fed. R. Civ. P. 26 (a)(1) no later than August 15, 2018.  Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4.      All fact discovery shall be completed no later than  April 26, 2019.

5.      The parties shall provide expert reports for an issue on which they bear the burden of proof  by May 15, 2019.  Any Parties' expert report intended to rebut any other expert report, shall be provided by June 14, 2019.  All reports shall provide the information required by Fed.R.Civ.P.26(a)(2)(B).  All expert discovery shall be completed, and discovery shall close, by July 1, 2019.

6.      Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004 and Del. Bankr. L.R. 9019-5 (j)(vi), no later than  July 31, 2018, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7.      Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8.      All dispositive motions shall be filed and served by July 15, 2019, and shall be subject to Del. Bankr. L.R. 7007.

PHIL1 7068495v.3

9.      The parties shall file, no later than two (2) business days prior to the earlier of date set for (I) pre-trial conference (if one is scheduled) or (ii) trial, their Final Pretrial Order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to chambers.

10.     The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.  A status conference for this matter shall be set for a date in August 2019, at which time this adversary proceeding shall be set for trial or, if necessary, a hearing on dispositive motions.

11.     The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible.  The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12.     Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

13.     The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

14.     Pursuant to Fed. R. Civ. P. 42 and Fed. R. Bankr. P. 7042, the contested matters arising from Plaintiff's limited objections to plan confirmation [Docket No. 1948] and

3

contract assignment [Docket No. 1951], having been previously continued, are hereby consolidated

with this adversary proceeding, and shall be subject to the schedule included in this Order.

Dated: _June 25_, 2018
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge

4